MORGAN, LEWIS & BOCKIUS LLP
Carrie S. Gonell, SBN 257163
carrie.gonell@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:    +1.714.830.0600
Fax:    +1.714.830.0700

MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, SBN 284832
andrew.frederick@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Nicole L. Antonopoulos, SBN 306882
nicole.antonopoulos@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant
DELTA AIR LINES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN TOLEDO, on behalf of himself and all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:22-cv-0081<br><br>[SF Sup. Court Case No. CGC-21-596940]<br><br>**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332(d), 1441, 1446, 1453]** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

I.     SUMMARY OF COMPLAINT .......................................................................... 1

II.    THE REMOVAL IS TIMELY ....................................................................... 2

III.   DIVERSITY JURISDICTION EXISTS ........................................................ 2

     A.      The Court Has Original Subject Matter Jurisdiction Under CAFA. ................... 2

     B.      Diversity of Citizenship Exists. ........................................................ 3

         1.      Plaintiff Is a Citizen of California. ......................................... 3

         2.      Defendant Is a Citizen of Georgia and Delaware ...................... 4

     C.      There Are More Than 100 Putative Class Members. ............................. 5

     D.      The Amount-in-Controversy Requirement Is Satisfied. ......................... 6

         1.      Plaintiff's Wage Statement Claim Places At Least $4,850,950 in Controversy. ....................................................................... 8

         2.      Plaintiff's Waiting Time Penalties Claim Places at Least $2,102,000.40 in Controversy. ............................................... 9

         3.      Plaintiff's Alleged Attorneys' Fees Place at Least $1,738,237.60 in Controversy. .................................................................. 11

         4.      For CAFA Purposes, the Amount in Controversy Exceeds $5,000,000. ..................................................................... 12

IV.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED ........... 13

V.     CONCLUSION ........................................................................... 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Church of Scientology Int'l*,
243 F.3d 546 (9th Cir. 2000)........................................................................................... 3

*Banta v. Am. Med. Response Inc.*,
No. CV 11-03586 GAF RZX, 2011 WL 2837642 (C.D. Cal. July 15, 2011) ......................... 7

*Boon v. Allstate Ins. Co.*,
229 F. Supp. 2d 1016 (C.D. Cal. 2002).............................................................................. 3

*Campbell v. Vitran Exp., Inc.*,
471 F. App'x 646 (9th Cir. 2012) .................................................................................. 6, 7

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018) .......................................................................................... 11

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S.Ct. 547 (2014) ...................................................................................................... 6

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
899 F.3d 785 (9th Cir. 2018)........................................................................................... 11

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) .......................................................................................................... 4

*Martinez v. Morgan Stanley & Co. Inc.*,
2010 WL 3123175 (S.D. Cal. August 9, 2010)................................................................... 9

*Marvin Toledo v. Delta Air Lines, Inc.*,
Case No. CGC-21-596940 ............................................................................................. 1, 2

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998)............................................................................................ 5

*In re Quintus Sec. Litig.*,
148 F. Supp. 2d 967 (N.D. Cal. 2001) .............................................................................. 11

*Rhoades v. Progressive Casualty Ins., Co.*,
410 F. App'x 10 (9th Cir. 2010) ....................................................................................... 7

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
19 F.3d 514 (10th Cir. 1994)......................................................................................... 3, 4

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv.*
*Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
602 F.3d 1087 (9th Cir. 2010).......................................................................................... 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

*Washington v. Hovensa LLC,*
 652 F.3d 340 (3rd Cir. 2011) ................................................................................... 3

4

5

**Statutes**

6

28 U.S.C.
 § 84(c) ..................................................................................................................... 13
 § 1332(c)(1) .............................................................................................................. 4
 § 1332(d) ................................................................................................................... 1
 § 1332(d)(1)(B) ......................................................................................................... 2
 §§ 1332(d)(2) ............................................................................................................ 3
 § 1332(d)(2) ........................................................................................................ 3, 12
 § 1332(d)(2)(A) ......................................................................................................... 5
 § 1332(d)(5) ............................................................................................................... 5
 § 1332(d)(6) ............................................................................................................... 6
 § 1441 ................................................................................................................... 1, 3
 § 1441(a) .................................................................................................................. 13
 § 1441(b)(1) ............................................................................................................... 5
 § 1446 ............................................................................................................. 1, 3, 13
 § 1446(a) .................................................................................................................. 13
 § 1446(b) ................................................................................................................... 2
 § 1446(d) .................................................................................................................. 13
 § 1453 ................................................................................................................ 1, 2, 3
 § 1711-1715 .............................................................................................................. 1

Bus. & Prof. Code § 17200 .............................................................................................. 1

Cal. Code Civ. Proc.
 § 338 ........................................................................................................................ 10
 §340(a) ...................................................................................................................... 9
 § 382 ......................................................................................................................... 2

Class Action Fairness Act of 2005, Pub. L. No. 109-2 (enacted Feb. 18, 2005) ............................ 1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Labor Code

§ 201 .................................................................................................................... 1
§ 201 .................................................................................................................. 10
§ 202 .............................................................................................................. 1, 10
§ 203 .............................................................................................................. 1, 10
§ 204 .................................................................................................................... 1
§ 218.6 ............................................................................................................... 10
§ 223 .................................................................................................................... 1
§ 226 .................................................................................................................... 9
§ 226(a) ............................................................................................................ 1, 8
§ 226(a)(1) ........................................................................................................... 8
§ 226(a)(2) ........................................................................................................... 8
§ 226(a)(5) ........................................................................................................... 8
§ 226(a)(9) ........................................................................................................... 8
§ 226(e) ................................................................................................................ 8
§ 226(e)(1) ......................................................................................................... 11
§ 226.7 .................................................................................................................. 1
§ 510 .................................................................................................................... 1
§ 512 .................................................................................................................... 1
§ 1194 .................................................................................................................. 1
§ 1194(a) ............................................................................................................ 11
§ 1194.2 ............................................................................................................... 1
§ 1197 .................................................................................................................. 1
§ 1198 .................................................................................................................. 1
§ 1997.1 ............................................................................................................... 1
§ 2698 .................................................................................................................. 1
§ 2802 .................................................................................................................. 1

**Other Authorities**

Sen. Rep. No. 109-14, p. 42 (2005) ...................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Delta Air Lines, Inc. ("Defendant" or "Delta") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.  This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

In support of this removal, Defendant states the following:

## I.   SUMMARY OF COMPLAINT

1. On December 3, 2021, Plaintiff Marvin Toledo ("Plaintiff") filed an unverified class and representative action complaint ("Complaint") in the Superior Court of the State of California, County of San Francisco, entitled *Marvin Toledo v. Delta Air Lines, Inc.*, Case No. CGC-21-596940 (the "Superior Court action").  The Complaint alleges eight causes of action: (1) failure to provide meal periods in violation of Labor Code §§ 204, 223, 226.7, 512, and 1198; (2) failure to provide rest periods in violation of Labor Code §§ 204, 223, 226.7, and 1198; (3) failure to pay hourly wages in violation of Labor Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198; (4) failure to indemnify in violation of Labor Code § 2802; (5) failure to provide accurate written wage statements in violation of Labor Code § 226(a); (6) failure to timely pay all final wages in violation of Labor Code §§ 201, 202, and 203; (7) unfair competition in violation of Business & Professions Code § 17200, *et seq.*; and (8) civil penalties in violation of Labor Code § 2698, *et seq.*

2. Plaintiff filed his Complaint after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

3. On December 7, 2021, Plaintiff caused the Complaint, Civil Cover Sheet, Summons, Notice to Plaintiff, and Alternative Dispute Resolution Information Package to be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

served on Defendant's process server by personal service.  True and correct copies of the Complaint and other documents served therewith are attached as **Exhibit A** and are incorporated by reference.

4.    On January 4, 2022, Defendant caused its Answer to the Complaint to be filed and served.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B** and is incorporated by reference.

5.    Exhibits A and B constitute all the pleadings, process and orders served upon or by Defendant, or filed, in the Superior Court action.

## II.    THE REMOVAL IS TIMELY

6.    This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint.  28 U.S.C. § 1446(b).  Plaintiff filed his Complaint in the San Francisco County Superior Court on December 3, 2021 and served Defendant with the Summons and Complaint on December 7, 2021.  Thirty (30) days from December 7, 2021, is January 6, 2022.  Because this Removal is filed on or by January 6, 2022, it is timely.

7.    No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III.    DIVERSITY JURISDICTION EXISTS

### A.    The Court Has Original Subject Matter Jurisdiction Under CAFA.

8.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

9.    Plaintiff brings this action as a purported class action under Cal. Code Civ. Proc. § 382 because "the class members are so numerous that the individual joinder of each individual class member is impractical." Compl., ¶ 11.  Plaintiff alleges various class claims on behalf of four alleged classes and four subclasses involving persons who were allegedly employed in California by Defendant.  *Id.*, ¶ 9.  As such, this matter is a purported "class action" as defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.

10.    This Court has original subject matter jurisdiction based on diversity of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and Defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453.[1]  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

## B.   Diversity of Citizenship Exists.

11.   In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, such that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

### 1.   Plaintiff Is a Citizen of California.

12.   "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

13.   Evidence of continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).  Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any,

---

[1] Defendant does not concede and reserves the right to contest at the appropriate time Plaintiff's allegations that this action can properly proceed as a class action.  Defendant further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

1    in order to dispute domicile.  *Id*.

2    14.    Plaintiff alleges he "is and was, and at all relevant times mentioned herein, an

3    individual residing in the State of California." Compl., ¶ 4.  The last known address that Delta

4    has on file for Plaintiff is a home address in California.  Plaintiff does not allege that he was a

5    citizen of any state other than California and there is no indication that Plaintiff is or was a

6    citizen of states other than California at any time relevant to the Complaint.  Thus, Plaintiff is

7    domiciled in the State of California, and is therefore a citizen of California for purposes of

8    diversity jurisdiction in this matter.

9                    **2.    Defendant Is a Citizen of Georgia and Delaware**.

10    15.    For diversity purposes, "a corporation shall be deemed to be a citizen of any State

11    by which it has been incorporated and of the State where it has its principal place of business."

12    28 U.S.C. § 1332(c)(1).  Defendant is, and at all pertinent times was, a corporation organized

13    and existing under and by virtue of the laws of the State of Delaware.

14    16.    Currently and prior to and since the commencement of this action, Defendant's

15    corporate headquarters and principal place of business are and have been in Atlanta, Georgia.

16    *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal

17    place of business' is best read as referring to the place where a corporation's officers direct,

18    control, and coordinate the corporation's activities," and "in practice[,] it should normally be the

19    place where the corporation maintains its headquarters—provided that the headquarters is the

20    actual center of direction, control, and coordination, i.e., the 'nerve center.'").  The majority of

21    Defendant's executive functions take place in Atlanta, Georgia.  The greater part of Defendant's

22    administrative functions (including payroll, legal, and human resources) are in Atlanta, Georgia.

23    Defendant's officers direct, control, and coordinate the corporation's activities in Atlanta,

24    Georgia.  Accordingly, Defendant is a citizen of Delaware and Georgia for the purposes of

25    determining diversity.  28 U.S.C. § 1332(c)(1).

26    17.    Defendant is not and, since the commencement of this action, has not been

27    incorporated in California and has not had its headquarters or executive offices based in

28    California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

18.     Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of the Defendant, as the named Plaintiff is a citizen of California, while Defendant is a citizen of Delaware and Georgia.  *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").  Thus, minimal diversity exists.

19.     Although Plaintiff has listed 50 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal.  28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (same).

**C.     There Are More Than 100 Putative Class Members.**

20.     CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

21.     Plaintiff proposes to represent the following four putative classes:

(1) **"Hourly Employee Class**: All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**";

(2) "**UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**";

(3) "**Regular Rate Class**: All of Defendants' hourly, non-exempt employees who were not paid overtime wages for all overtime hours worked and/or premiums for meal and/or rest break violations as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, commissions, afternoon shift premiums, night premiums, temporary duty override, shared rewards, incentive-All About Cust, award, pay card value, premium override, non-discretionary bonuses and/or other applicable remuneration"; and

(4) "**Expense Reimbursement Class**: All persons employed by Defendants in California who were not reimbursed for required steel toed boots and/or gloves during the **Relevant Time Period**." Compl., ¶ 9.

22.     Plaintiff alleges that the "**Relevant Time Period**" is "defined as the time period beginning four years prior to the filing of this action until judgment is entered."  *Id.*  Plaintiff filed his Complaint on December 3, 2021.  Assuming a four-year statute of limitations applies,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1    the putative class period starts on December 3, 2017.

2         23.    Even though Plaintiff seeks to represent *all* hourly or non-exempt employees who

3    worked for "Defendants and/or any staffing agencies and/or any other third parties" in California

4    from December 3, 2017 through the present, Defendant limits its amount-in-controversy

5    calculations to its hourly, non-exempt employees who worked in its Airport Customer Service

6    ("ACS"), Cargo ("CGO") and TechOps ("TOP") divisions in California from December 3, 2017

7    through December 23, 2021.

8         **D.**    **The Amount-in-Controversy Requirement Is Satisfied.**

9         24.    Pursuant to CAFA, the claims of the individual members in a class action are

10    aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000,

11    exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). A removing defendant "must file in

12    the federal forum a notice of removal 'containing a short and plain statement of the grounds for

13    removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

14         25.    The "defendant's notice of removal need include only a plausible allegation that

15    the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554.

16    "[D]efendants do not need to prove to a legal certainty that the amount in controversy

17    requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional

18    threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

19         26.    Moreover, the Senate Judiciary Committee's Report on the final version of CAFA

20    makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of

21    federal jurisdiction. Sen. Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about

22    whether 'all matters in controversy' in a purported class action do not in the aggregate exceed

23    the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the

24    case.").

25         27.    In assessing the amount in controversy, a court must "assume that the allegations

26    of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims

27    made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012)

28    (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6          DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

(C.D. Cal. 2002)).  In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a minimum number of meal and rest period violations per class member per pay period.  471 Fed. App'x at 648.  Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiffs' claimed damages by the number of putative class members in order to meet the amount in controversy requirement.  *Id.* at 649.

28.     While Defendant denies Plaintiff's factual allegations and denies that he or the putative class he purports to represent are entitled to any of the relief Plaintiff has requested in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5,000,000.[2]  *Rhoades v. Progressive Casualty Ins., Co.*, 410 F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

29.     The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction.  *Banta v. Am. Med. Response Inc*., No. CV 11-03586 GAF RZX, 2011 WL 2837642, at *1 (C.D. Cal. July 15, 2011) ("Case law recognizes that, even where a pleading is indefinite on its face, a defendant may possess sufficient information allowing it to ascertain that the amount in controversy exceeds the jurisdiction minimum, may remove the action to federal court on that basis, and, if challenged, may present

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendant's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. In addition, Defendant denies that liability or damages can be established on a class-wide basis. Defendant specifically denies that Plaintiff or the putative class have suffered any damages as a result of any act or omission by Defendant.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                    DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

evidence to prove up the existence of removal jurisdiction.").

### 1.   Plaintiff's Wage Statement Claim Places At Least $4,850,950 in Controversy.

30.     In the Fifth Cause of Action, Plaintiff alleges, "at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above." Compl., ¶ 113.  Plaintiff also alleges that "Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements that Defendants knew do not comply with Labor Code § 226(a)." *Id*., ¶ 114.

31.     Plaintiff alleges that Defendant failed to comply with Labor Code sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9) because the wage statements allegedly did not accurately reflect all hours worked, including overtime and off-the-clock work. *Id*., ¶¶ 41 – 44. Plaintiff also alleges that "Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated Plaintiff's and **Wage Statement Penalties Sub-Class** members' legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned." *Id*., ¶ 115.  Based on these alleged violations, Plaintiff, on behalf of himself and the Wage Statement Penalties Sub-Class, seeks damages under Labor Code § 226(e).

32.     Labor Code section 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial alleged violation and $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement. Cal. Lab. Code § 226(e).

33.     The Complaint defines the "Wage Statement Penalties Sub-Class" as "**All Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered."  Compl. ¶ 9. Plaintiff alleges that "Hourly Employee Class" is defined as "[a]ll persons employed by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**," and the "Relevant Time Period" is "defined as the time period beginning four years prior to the filing of this action until judgment is entered." *Id.*

34.    There is a one-year statute of limitations on Plaintiff's wage statement claim. *See* Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, at *6 (S.D. Cal. August 9, 2010).

35.    Even though Plaintiff seeks to represent *all* hourly, non-exempt employees in California from December 3, 2020[3] through the present, Defendant limits its amount-in-controversy calculations to hourly, non-exempt employees who worked in its ACS, CGO, and TOP divisions in California from December 3, 2020 through December 22, 2021.

36.    According to its records, from December 3, 2020 through December 22, 2021, Defendant issued wage statements to approximately 2,533 hourly, non-exempt employees in its ACS, CGO, and TOP divisions in California for a total of 49,776 pay periods.  Assuming the wage statements Delta issued to hourly, non-exempt employees in California violate Labor Code section 226, as Plaintiff alleges, the amount of wage statement penalties in controversy for hourly, non-exempt employees in Defendant's ACS, CGO, and TOP divisions in California is approximately **$4,850,950** ((2,533 total initial pay periods x $50 for the first pay period = 126,650) + (47,243 total subsequent pay periods x $100 per pay period =4,724,300) = $4,850,950).

    **2.**    **Plaintiff's Waiting Time Penalties Claim Places at Least $2,102,000.40 in Controversy.**

37.    In his Sixth Cause of Action, Plaintiff alleges that "[a]t all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation." Compl. ¶ 119.  Plaintiff also alleges "at all relevant times during the

---

[3] Plaintiff filed his Complaint on December 3, 2021.  Because there is a one-year statute of limitations on Plaintiff's wage statement claim, the relevant time period for this claim is December 3, 2020 through the present.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1   applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties**

2   **Sub-Class** members all of their final wages in accordance with the Labor Code." *Id.*, ¶ 124.

3   Plaintiff further alleges "at all relevant times during the applicable limitations period, Defendants

4   have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members

5   their final wages without regard to the requirements of Labor Code §§ 201 or 202 by failing to

6   timely pay them all final wages." *Id.*, ¶ 125.  Plaintiff alleges that "Defendants' failure to timely

7   pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful

8   in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201

9   and/or 202 but have intentionally adopted policies or practices that are incompatible with those

10   requirements." *Id.*, ¶ 126.  Plaintiff alleges, "[p]ursuant to Labor Code §§ 203 and 218.6,

11   Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting

12   time penalties from the respective dates that their final wages had first become due until paid, up

13   to a maximum of thirty days, and interest thereon." *Id.*, ¶ 127.

14        38.    The Complaint defines the "Waiting Time Penalties Sub-Class" as "All **Hourly**

15   **Employee Class** members who separated from their employment with Defendants during the

16   period beginning three years before the filing of this action and ending when final judgment is

17   entered." *Id.*, ¶ 9.  Plaintiff alleges that "Hourly Employee Class" is defined as "[a]ll persons

18   employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or

19   non-exempt positions in California during the **Relevant Time Period**," and the "Relevant Time

20   Period" is "defined as the time period beginning four years prior to the filing of this action until

21   judgment is entered." *Id.*

22        39.    The statute of limitations for "waiting time" penalties under Labor Code Section

23   203 is three years.  *See* Labor Code § 203; Cal. Code of Civ. Pro. § 338.

24        40.    Even though Plaintiff seeks to represent *all* hourly, non-exempt employees in

25   California from December 3, 2018[4] through the present, Defendant limits its amount-in-

26   controversy calculations to hourly, non-exempt employees who worked in its ACS, CGO, and

27

28   _____

[4] Plaintiff filed his Complaint on December 3, 2021.  Because there is a three-year statute of limitations on Plaintiff's claim for waiting time penalties, the relevant time period for this claim is December 3, 2018 through the present.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

TOP divisions in California from December 3, 2018 through December 2, 2021.

41.     According to Delta's records, approximately 778 hourly, non-exempt employees in its ACS, CGO, and TOP divisions in California have separated from their employment with the Company from December 3, 2018 through December 2, 2021.  At the time of their separation with Delta, the lowest hourly rate for these employees was $15.01 and the average number of daily work hours was approximately 6.  As such, the amount of waiting time penalties at issue, based on Plaintiff's allegations, is approximately **$2,102,000.40** (778 formerly employed putative class members x $15.01 per hour x 6 hours per day x 30 days).

### 3.     Plaintiff's Alleged Attorneys' Fees Place at Least $1,738,237.60 in Controversy.

42.     Plaintiff seeks to recover attorneys' fees.  Compl., ¶¶ 60, 71, 99, 109, 117, 128, 146, Prayer for Relief, ¶ 13.  Attorneys' fees are properly included in determining the amount in controversy if the law under which the plaintiff has brought suit allows for their recovery.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'").

43.     For purposes of class actions, attorneys' fees may be calculated by assuming 25 percent of the potential damages on claims for which attorneys' fees are available.  *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  Here, attorneys' fees are available on wage statement penalties claims, *see* Labor Code § 226(e)(1), and unpaid wages claims, *see* Labor Code § 1194(a).  The amount in controversy for Plaintiff's wage statement claim is $4,850,950.00 and waiting time penalties is $2,102,000.40, for a total of $6,952,950.40.  Therefore, the amount in controversy for attorneys'

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11                DELTA'S NOTICE OF REMOVAL OF
                  ACTION TO FEDERAL COURT

fees is **$1,738,237.60** ($6,952,950.40 x 0.25).

**4.**      **For CAFA Purposes, the Amount in Controversy Exceeds $5,000,000.**

44.      As demonstrated above, the alleged damages on Plaintiff's Fifth and Sixth Causes of Action total at least $8,691,188.  In addition, Plaintiff seeks recovery for himself and all putative class members for further causes of action, including alleged meal period premium pay, rest period premium pay, unpaid wages, and unreimbursed expenses.  Each of these claims, if added to the aggregate potential damages, further increases the amount in controversy.[5]

45.      Based on the calculations outlined above, the total amount in controversy exceeds $5,000,000.00 as follows:

A.      Wage statement penalties:      **$4,850,950**

B.      Waiting Time Penalties:      **$2,102,000.40**

C.      Attorneys' fees:      **$1,738,237.60**

**TOTAL AMOUNT IN CONTROVERSY:  $8,691,188**

46.      Thus, although Defendant denies Plaintiff's allegations and theories of maximum recovery, denies that Plaintiff or the putative class he purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all of its defenses, based on Plaintiff's allegations, the amount in controversy on *only two* of Plaintiff's *eight* **claims** for damages for just the non-exempt employees in Defendant's ACS, CGO, and TOP divisions in California is at least **$8,691,188** and thus exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

---

[5] For example, based on the allegations in the Complaint, Defendant conservatively estimates that Plaintiff has put into controversy a meal period violation for every two out of five shifts lasting longer than over five hours and a rest period violation for every two out of five shifts lasting 3.5 hours or longer (i.e. a 40% violation rate).  As such, the potential amount in controversy for failing to provide meal and rest breaks to non-exempt employees in Delta's ACS, CGO, and TOP divisions in California since December 3, 2017 is at least $7,000,000 ((590,712 shifts x 0.4) x 1 meal period premium x $14.13 (lowest hourly rate for a non-exempt Delta employee in its ACS, CGO, and TOP division during the relevant time period) =$3,338,704.22) + (704,093 shifts x 0.4) x 1 rest period premium x $14.13 (lowest hourly rate) = 3,979,533.64).  In addition, Defendant reasonably estimates, based on Plaintiff's allegations, that he is seeking at least 10 minutes of uncompensated time for each shift non-exempt employees in California worked.  This alleged uncompensated time for non-exempt employees just in Defendant's ACS, CGO, and TOP division in California since December 3, 2017 would result in an alleged amount in controversy of at least $1,658,139.02 [(704,093 shifts x 10 minutes) / 60 minutes x $14.13 per hour (lowest hourly rate for non-exempt employees in ACS/CGO/TOP divisions in California during the relevant period)].

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12                          DELTA'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

47.     Therefore, Plaintiff's Complaint satisfies the amount in controversy requirement of CAFA.

## IV.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

48.     As set forth above, this Notice of Removal is filed within thirty days of service of process on Defendant and all process, pleadings, and orders that have been served (or purportedly served) on Defendant in this action are attached hereto in **Exhibits A and B**.

49.     Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1441(a), 1446(a) and 84(c).  This action was originally brought in the Superior Court of the State of California, County of San Francisco, and arises in part out of Plaintiff's employment there. Compl., ¶¶ 3, 4.  Therefore, this is the appropriate Court for removal.

50.     As required by 28 U.S.C. § 1446(d), Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of San Francisco.

51.     Defendant is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.

52.     Defendant has sought no similar relief.

53.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

54.     By this Notice of Removal and the exhibits attached hereto and the documents filed concurrently herewith, Defendant does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## V.     CONCLUSION

55.     Pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, Defendant prays that the above-captioned action pending in the Superior Court of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13                          DELTA'S NOTICE OF REMOVAL OF
                            ACTION TO FEDERAL COURT

1   the State of California, County of San Francisco, be removed therefrom to the United States

2   District Court for the Northern District of California.

3

4   Dated:  January 6, 2022                              MORGAN, LEWIS & BOCKIUS LLP

5

6                                              By   */s/ Nicole L. Antonopoulos*

7                                                   Carrie S. Gonell,
                                                   Andrew P. Frederick
8                                                   Nicole L. Antonopoulos

9                                                   Attorneys for Defendant
                                                   DELTA AIR LINES, INC.
10

11
    DB2/ 42281757.5
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14                    DELTA'S NOTICE OF REMOVAL OF
                      ACTION TO FEDERAL COURT

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DELTA AIR LINES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARVIN TOLEDO, on behalf of himself and all others similarly situated, and the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Civic Center Courthouse 400 McAllister St. San Francisco, CA 94102 | **CGC-21-596940** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 9665 Wilshire Blvd., Ste 430, Beverly Hills, CA 90212 (310) 888-7771

| DATE: *(Fecha)* **12/03/2021** | Clerk, by *(Secretario)* **LAURA SIMMONS** | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Delta Air Lines, Inc., a Delaware corporation**

   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  Farrah Grant (SBN 293898)
     farrah@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff MARVIN TOLEDO

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF SAN FRANCISCO

11                     UNLIMITED JURISDICTION

12

**ELECTRONICALLY**
**FILED**
*Superior Court of California,*
*County of San Francisco*

**12/03/2021**
**Clerk of the Court**
**BY: LAURA SIMMONS**
**Deputy Clerk**

| | |
|---|---|
| 13  MARVIN TOLEDO, on behalf of himself and all others similarly situated, and the general public, <br><br>14 <br><br>15                       *Plaintiff,* <br><br>16            v. <br><br>17  DELTA AIR LINES, INC., a Delaware corporation; and DOES 1 through 50, <br>18  inclusive, <br><br>19                    *Defendants.* <br><br>20 <br><br>21 <br><br>22 <br><br>23 <br><br>24 | Case No. **CGC-21-596940** <br><br>Case No. <br><br>**CLASS AND REPRESENTATIVE ACTION** <br><br>**COMPLAINT** <br><br>1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); <br>2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); <br>3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); <br>4.  Failure to Indemnify (Lab. Code § 2802); <br>5.  Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a)); <br>6.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203); <br>7.  Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); <br>8.  Civil Penalties (Lab. Code § 2698, *et seq.*) <br><br>**JURY TRIAL DEMANDED** |

25

26

27

28

CLASS AND REPRESENTATIVE-ACTION COMPLAINT

1    Plaintiff MARVIN TOLEDO ("Plaintiff"), on behalf of himself and all others similarly

2  situated, and the general public, complains and alleges as follows:

3                              **INTRODUCTION**

4         1.     Plaintiff brings this class and representative action against defendants DELTA AIR

5  LINES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, (collectively referred to

6  as "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges that

7  Defendants have

8         (1)    failed to provide Plaintiff and all other similarly situated individuals with meal

9                periods;

10        (2)    failed to provide them with rest periods;

11        (3)    failed to pay them premium wages for missed meal and/or rest periods;

12        (4)    failed to pay them premium wages for missed meal and/or rest periods at the regular

13               rate of pay;

14        (5)    failed to pay them overtime wages at the correct rate;

15        (6)    failed to pay them double time wages at the correct rate;

16        (7)    failed to pay them overtime and/or double time wages by failing to include all

17               applicable remuneration in calculating the regular rate of pay;

18        (8)    failed to pay them at least minimum wage for all hours worked;

19        (9)    failed to reimburse them for all necessary business expenses;

20        (10)   failed to provide them with accurate written wage statements; and

21        (11)   failed to pay them all of their final wages following separation of employment.

22  Based on these alleged violations, Plaintiff now brings this class and representative action to

23  recover unpaid wages, restitution, civil and statutory penalties, and related relief on behalf of

24  himself and all others similarly situated, all other aggrieved employees, and the State of California.

25                        **JURISDICTION AND VENUE**

26        2.     This Court has subject matter jurisdiction to hear this case because the unpaid wages,

27  actual damages, liquidated damages, restitution, and penalties sought by Plaintiff from Defendants

28  exceeds the minimal jurisdictional limits of the Superior Court of the State of California.

3.     Venue is proper in the County of San Francisco pursuant to Code of Civil Procedure §§ 393(a), 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

4.     Plaintiff is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

5.     Plaintiff is informed and believes, and thereupon alleges, that Defendant DELTA AIR LINES, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

6.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

7.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some or all of the other defendants, and, in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

## CLASS ALLEGATIONS

8.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382, because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

unaware of any difficulties likely to be encountered in managing this case as a class action.

9.    **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

    **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

    **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

    **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

    **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

**Regular Rate Class**: All of Defendants' hourly, non-exempt employees who were not paid overtime wages for all overtime hours worked and/or premiums for meal and/or rest break violations as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, commissions, afternoon shift premiums, night premiums, temporary duty override, shared rewards, incentive-All About Cust, award, pay card value, premium override, non-discretionary bonuses and/or other applicable remuneration.

**Expense Reimbursement Class**: All persons employed by Defendants in California who were not reimbursed for required steel toed boots and/or gloves during the **Relevant Time Period**.

10.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

11.    **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges, that the actual number

1  exceeds the minimum required for numerosity under California law.

2      12.   **Commonality and Predominance**: Common questions of law and fact exist as to all

3  class members and predominate over any questions that affect only individual class members. These

4  common questions include, but are not limited to:

5      i.   Whether Defendants maintained a policy or practice of failing to provide employees

6          with their meal periods;

7      ii.  Whether Defendants maintained a policy or practice of failing to provide employees

8          with their rest periods;

9      iii. Whether Defendants failed to pay premium wages to class members when they have

10         not been provided with required meal and/or rest periods;

11     iv.  Whether Defendants failed to pay minimum and/or overtime wages to class members

12         as a result of policies that fail to provide meal periods in accordance with California

13         law;

14     v.   Whether Defendants failed to pay minimum and/or overtime wages to class members

15         for all time worked;

16     vi.  Whether Defendants used payroll formulas that systematically fail to account for

17         non-discretionary bonuses and/or other applicable remuneration when calculating

18         regular rates of pay for class members;

19     vii. Whether Defendants failed to pay overtime wages to class members as a result of

20         incorrectly calculating their regular rates of pay;

21     viii. Whether Defendants failed to pay premium wages to class members based on their

22         respective "regular rates of compensation" by not including commissions and/or

23         other applicable remuneration in calculating the rates at which those wages are paid;

24     ix.  Whether Defendants failed to reimburse class members for all necessary business

25         expenses incurred during the discharge of their duties;

26     x.   Whether Defendants failed to provide class members with accurate written wage

27         statements as a result of providing them with written wage statements with

28         inaccurate entries for, among other things, amounts of gross and net wages, and total

4

1      hours worked;

2      xi.    Whether Defendants applied policies or practices that result in late and/or incomplete

3           final wage payments;

4      xii.   Whether Defendants are liable to class members for waiting time penalties under

5           Labor Code section 203;

6      xiii.  Whether class members are entitled to restitution of money or property that

7           Defendants may have acquired from them through unfair competition;

8      13.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff

9 is informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing

10 to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

11      14.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in

12 that he has no interests that are adverse to or otherwise conflict with the interests of absent class

13 members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly

14 and adequately represent and protect the interests of the other class members.

15      15.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

16 they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

17 wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

18 behalf of Plaintiff and absent class members.

19      16.    **Superiority:** A class action is vastly superior to other available means for fair and

20 efficient adjudication of the class members' claims and would be beneficial to the parties and the

21 Court. Class action treatment will allow a number of similarly situated persons to prosecute their

22 common claims simultaneously and efficiently in a single forum without the unnecessary

23 duplication of effort and expense that numerous individual actions would entail. In addition, the

24 monetary amounts due to many individual class members are likely to be relatively small and would

25 thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.

26 Moreover, a class action will serve an important public interest by permitting class members to

27 effectively pursue the recovery of monies owed to them. Further, a class action will prevent the

28 potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.  Plaintiff worked for Defendants as an hourly, non-exempt employee during the applicable statutory period.

### Security Check and Off-the-Clock

18.  Plaintiff and the putative class were required to utilize the general entrance to the venues and required to go through a security check at the time of entering and leaving the premises on which they worked. The security check required Plaintiff and the putative class to first wait in a general purpose line where anyone who wanted to enter the venues were required to go through a security screening.

19.  Plaintiff and the putative class were required to stand through long lines to be fully inspected and cleared to enter the premises. Getting through security took on average 35 minutes, but at times could be longer. All of this time was considered Plaintiff and the putative class' own personal time for which they were not compensated, although the security checks were done for the benefit of Defendants and as an everyday work requirement. Defendants exert control over the extent to which employees were subject to security checks as exemplified by their SkyPriority Access program which offers expedited security lines.

20.  Plaintiff and the putative class were required to spend at least five to fifteen minutes each time they went through the security check—time that was not paid by Defendants.

21.  Plaintiff and the putative class were required to go through the security check prior to clocking in at the beginning of each work shift and were required to clock out first at the end of each work shift prior to going through the security check.

22.  Additionally, after getting through long security lines, Plaintiff and the putative class would walk to their designated wall machine for clocking in and/or clocking out, and there would be another line of employees which would take approximately five minutes to get through so that they could punch in and start their recorded hours for pay.

23.  Finally, Plaintiff and the putative class were constantly having to stay late and work "off-the-clock." Because people would leave but there would still be pressing work requirements, Plaintiff and the putative class were required to stay after their shift had ended and pick up other

1  employees' duties so that Defendant could maintain their schedule.

2       24.    Based on the above, Defendants' security check practices and timeclock procedures

3  have resulted in substantial amounts of time not recorded as hours worked therefore resulting in

4  substantial amounts of wages not paid to Plaintiff and the putative class.

5       25.    Defendants knew or should have known that Plaintiff and the putative class were

6  performing work before and after their scheduled work shifts and failed to pay Plaintiff and the

7  putative class for these hours.

8       26.    Defendants were aware of this practice and directed, permitted, or otherwise

9  encouraged Plaintiff and the putative class to perform off-the-clock work.

10       27.    As a result of Defendants' policies and practices, Plaintiff and the putative class were

11  not paid for all hours worked.

12  **Missed, Shortened, and/or Interrupted Meal Periods and Policy of Deducting 30 Minutes**

13       28.    During their employment with Defendants, Plaintiff and the putative class regularly

14  worked shifts of eight to twelve hours per day, without being afforded a meal break during the first

15  five hours, and/or a second meal break after ten hours, as required by California law. Defendants

16  had a policy of deducting thirty minutes from Plaintiff's and the putative class' paychecks,

17  regardless of whether Plaintiff and the putative class received a meal period or not.

18       29.    Plaintiffs and the putative class members were not provided with meal periods of at

19  least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

20  scheduling each meal period as part of each work shift; (2) chronically understaffing each work

shift with not enough workers; (3) imposing so much work on each employee such that it made it

21  unlikely that an employee would be able to take their breaks if they wanted to finish their work on

22  time; and (4) no formal written meal and rest period policy that encouraged employees to take their

23  meal and rest periods.

24       30.    Plaintiff and the putative class were directed by their managers and supervisors to

25  clock out for meal periods even though they continued to perform work with the full knowledge of

26  their supervisors. Plaintiff and the putative class would be forced to clock out for lunch even

27  though they did not actually go to lunch and continued working. Additionally, there were three

28  security checks required when entering or leaving the work premises which would take

approximately 35 minutes to get through, so it was impossible to leave the premises. Plaintiff and the putative class clocked out with a wall machine, and there was a line of employees looking to clock in and out at the same time. Therefore, their meal periods were regularly shortened because they were required to be timely clocked in to report to their stations. Additionally, if a flight arrived early or other work popped up suddenly, Plaintiff and the putative class were required by their managers and supervisors to attend to pressing tasks regardless of whether they were supposedly taking a meal period or not.

31.     As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

### Missed Rest Periods

32.     Plaintiff and the putative class were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

33.     Plaintiff and the putative class were required to stay on the premises at all times. No set time was scheduled for rest breaks, and a majority of their shifts. Plaintiff and the putative class were unable to take any rest breaks as they were required to continuously work through the duration of their shifts.

34.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Regular Rate of Pay**

35.     The regular rate of pay under California law includes all remuneration for employment paid, on behalf of the employer, to the employee. This requirement includes, but is not limited, to, commissions and non-discretionary bonuses.

36.     During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced Labor Code sections by failing to pay them meal and/or rest break premiums and/or overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, commissions, afternoon shift premiums, night premiums, temporary duty override, shared rewards, incentive-All About Cust, award, pay card value, premium override, non-discretionary bonuses and/or other applicable remuneration.

**Expense Reimbursement**

37.     Plaintiff and the putative class members were required to purchase steel toed boots and gloves to perform their job duties.

38.     Plaintiff and the putative class members were not fully reimbursed for business expenses incurred in purchasing these aspects of their uniform.

39.     Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

**Wage Statements**

40.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code § 226.

41.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

42.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

43.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

44.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that all hours worked, including overtime and "off-the-clock" work were not included.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

## (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

## (Plaintiff and Meal Period Sub-Class)

45.     Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

46.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

47.     Labor Code § 512 and § 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

48.     Labor Code § 226.7 and § 11 of the applicable Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

49.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code § 200.

50.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

51.   Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

52.   At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

53.   Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the applicable Wage Order.

54.   Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

55.   Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of deducting one-half hour for a meal period from the paychecks of **Meal Period Sub-Class** members on each day they worked, regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

56.   Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code § 512 and the applicable Wage Order.

57.   Moreover, Defendants' written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that employees are entitled to a

1   second meal period if they work a shift of over ten hours, or that the second meal period must

2   commence before the end of the tenth hour of work, unless waived.

3        58.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

4   **Class** members additional premium wages, and/or were not paid premium wages at the employees'

5   regular rates of pay when required meal periods were not provided.

6        59.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of himself and

7   the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

8   costs of suit.

9        60.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

10   benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal**

11   **Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

16        61.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

17        62.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

18   non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

19   Code and the applicable Wage Order.

20        63.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

21   employers to permit and authorize employees to take required rest periods at a rate of no less than

22   ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be

23   in the middle of each work period insofar as practicable.

24        64.    Labor Code § 226.7 and § 12 of the applicable Wage Order both prohibit employers

25   from requiring employees to work during required rest periods and require employers to pay non-

26   exempt employees an hour of premium wages at the employees' regular rates of pay, on each

27   workday that the employee is not provided with the required rest period(s).

28        65.    Compensation for missed rest periods constitutes wages within the meaning of Labor

12

1  Code § 200.

2      66.    Labor Code § 1198 makes it unlawful to employ a person under conditions that

3  violate the Wage Order.

4      67.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

5  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

6  with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof,

7  as required by the applicable Wage Order.

8      68.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

9  **Class** members additional premium wages when required rest periods were not provided.

10     69.    Specifically, Defendants written policies do not provide that employees may take a

11 rest period for each four hours worked, or major fraction thereof, nor that rest periods should be

12 taken in the middle of each work period insofar as practicable.

13     70.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of himself and

14 **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and

15 costs of suit.

16     71.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

17 benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period**

18 **Sub-Class** members, seeks to recover reasonable attorneys' fees.

19                    **THIRD CAUSE OF ACTION**

20          **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

21              **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

22                 **(Plaintiff and Hourly Employee Class)**

23     72.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

24     73.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

25 been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

26 applicable Wage Order.

27     74.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

28 which an employee is subject to the control of the employer, and includes all the time the employee

1 | is suffered or permitted to work, whether or not required to do so."

2 |      75.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt

3 | employees at least the minimum wage set forth therein for all hours worked, which consists of all

4 | hours that an employer has actual or constructive knowledge that employees are working.

5 |      76.     Labor Code § 1194 invalidates any agreement between an employer and an

6 | employee to work for less than the minimum or overtime wage required under the applicable Wage

7 | Order.

8 |      77.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages

9 | in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the

10 | underlying unpaid minimum wages and interest thereon.

11 |      78.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than

12 | the minimum wage required under the applicable Wage Order for all hours worked during a payroll

13 | period.

14 |      79.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other

15 | person acting either individually or as an officer, agent, or employee of another person to pay an

16 | employee, or cause an employee to be paid, less than the applicable minimum wage.

17 |      80.     Labor Code § 1198 makes it unlawful for employers to employ employees under

18 | conditions that violate the applicable Wage Order.

19 |      81.     Labor Code § 204 requires employers to pay non-exempt employees their earned

20 | wages for the normal work period at least twice during each calendar month on days the employer

21 | designates in advance and to pay non-exempt employees their earned wages for labor performed in

22 | excess of the normal work period by no later than the next regular payday.

23 |      82.     Labor Code § 223 makes it unlawful for employers to pay their employees lower

24 | wages than required by contract or statute while purporting to pay them legal wages.

25 |      83.     Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay

26 | non-exempt employees overtime wages of no less than one and one-half times the employees'

27 | respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

28 | hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the

1  seventh consecutive day of one workweek.

2  84.    Labor Code § 510 and § 3 of the applicable Wage Order also require employers to

3  pay non-exempt employees overtime wages of no less than two times the employees' respective

4  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

5  worked in excess of eight hours on a seventh consecutive workday during the workweek.

6  85.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

7  centrally devised policies and practices to him and **Hourly Employee Class** members with respect

8  to working conditions and compensation arrangements.

9  86.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

10  **Employee Class** members for all time worked, including but not limited to, overtime hours at

11  statutory and/or agreed rates.

12  87.    At all relevant times during the applicable limitations period, Defendants maintained

13  a policy or practice of deducting one-half hour from Plaintiff's recorded hours on every workday for

14  a meal period, regardless of whether or not Plaintiff was provided with a meal period.

15  88.    Plaintiff is informed and believes that, at all relevant times during the applicable

16  limitations period, Defendants maintained a policy or practice of deducting one-half hour from

17  **Hourly Employee Class** members' recorded hours on every workday for a meal period, regardless

18  of whether or not **Hourly Employee Class** members were provided with a meal period.

19  89.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time

20  worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or

21  permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all

22  overtime hours worked.

23  90.    Plaintiff is informed and believes that, at all relevant times during the applicable

24  limitations period, Defendants maintained a policy or practice of not paying hourly wages to

25  **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours

26  at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

27  91.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

28  **Employee Class** members all earned wages every pay period at the correct rates, including

15

1  overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and

2  **Hourly Employee Class** members to perform off-the-clock work.

3      92.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

4  members have suffered damages in an amount subject to proof, to the extent they were not paid the

5  full amount of wages earned during each pay period during the applicable limitations period,

6  including overtime wages.

7      93.    Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

8  behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and

9  overtime wages, interest thereon, and costs of suit.

10      94.    The regular rate of pay under California law includes all remuneration for

11  employment paid, on behalf of the employer, to the employee. This requirement includes but is not

12  limited to, commissions, afternoon shift premiums, night premiums, temporary duty override,

13  shared rewards, incentive-All About Cust, award, pay card value, premium override,  non-

14  discretionary bonuses and/or other applicable remuneration.

15      95.    During the applicable limitations period, Defendants violated the rights of Plaintiff

16  and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing

17  to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194

18  and 1198 by not correctly calculating their regular rate of pay to include all applicable

19  remuneration, including but not limited to, commissions, afternoon shift premiums, night premiums,

20  temporary duty override, shared rewards, incentive-All About Cust, award, pay card value,

21  premium override,  non-discretionary bonuses and/or other applicable remuneration.

22      96.    California law uses the terms "compensation" and "pay" interchangeably and

23  requires that all applicable remuneration, including but not limited to, commissions, afternoon shift

24  premiums, night premiums, temporary duty override, shared rewards, incentive-All About Cust,

25  award, pay card value, premium override,  non-discretionary bonuses and/or other applicable

26  remuneration, be included when calculating an employee's regular rate of pay.

27      97.    At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

28  compensation that did not reflect, among other things, commissions, afternoon shift premiums,

1  night premiums, temporary duty override, shared rewards, incentive-All About Cust, award, pay

2  card value, premium override,  non-discretionary bonuses and/or other applicable remuneration as

3  required by Labor Code § 226.7(b) and §§ 11 and 12 of the applicable Wage Order on the occasions

4  when Defendants paid him premium wages in lieu of meal and/or rest periods.

5      98.     Plaintiff is informed and believes, and thereupon alleges, that, at all relevant times

6  during the applicable limitations period, Defendants maintained a policy or practice of paying

7  **Hourly Employee Class** members premium wages based on rates of compensation that have not

8  reflected commissions, afternoon shift premiums, night premiums, temporary duty override, shared

9  rewards, incentive-All About Cust, award, pay card value, premium override,  non-discretionary

10  bonuses and/or other applicable remuneration as required by Labor Code § 226.7(b) and §§ 11 and

11  12 of the applicable Wage Order on the occasions when Defendants paid them premium wages in

12  lieu of meal and/or rest periods.

13      99.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

14  benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly**

15  **Employee Class** members, seeks to recover reasonable attorneys' fees.

16  ## FOURTH CAUSE OF ACTION

17  ### FAILURE TO INDEMNIFY

18  ### (Lab. Code § 2802)

19  ### (Plaintiff and Expense Reimbursement Class)

20      100.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

21      101.    Labor Code section 2802(a) states:

22  An employer shall indemnify his or her employee for all necessary expenditures or
23  losses incurred by the employee in direct consequence of the discharge of his or her
    duties, or of his or her obedience to the directions of the employer, even though
    unlawful, unless the employee, at the time of obeying the directions, believed them to
24  be unlawful.

25      102.    At all relevant times during the applicable limitations period, Plaintiff and the

26  **Expense Reimbursement Class** members incurred necessary business-related expenses and costs,

27  including but not limited to, steel toed boots and gloves that were part of their uniform.

28      103.    Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

17

1    by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the
2    discharge of their duties.

3        104.    Plaintiff is informed and believes and thereupon alleges that the reimbursement paid
4    by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all
5    necessary business expenses incurred in the discharge of their duties.

6        105.    At all relevant times during the applicable limitations period, Defendants required
7    Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused
8    by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Expense**
9    **Reimbursement Class** members for all such expenditures.

10       106.    At all relevant times during the applicable limitations period, Defendants required
11    Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and
12    apparel unique to Defendants at Plaintiff's and **Expense Reimbursement Class** members' expense.
13    Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all such
14    expenditures.

15       107.    Plaintiff is informed and believes that, during the applicable limitations period,
16    Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**
17    **Reimbursement Class** members for all necessary business expenses.

18       108.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to
19    restitution for all unpaid amounts due and owing within four years of the date of the filing of the
20    original Complaint and until the date of entry of judgment.

21       109.    Plaintiff, on behalf of himself , and **Expense Reimbursement Class** members, seeks
22    interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees pursuant to
23    Code of Civil Procedure § 1021.5.

24                    **FIFTH CAUSE OF ACTION**

25      **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

26                    **(Lab. Code § 226)**

27        **(Plaintiff and Wage Statement Penalties Sub-Class)**

28       110.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

111.    Labor Code § 226(a) states:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary 'services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

112.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006.)

113.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

114.    Plaintiff is informed and believes that Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements but had intentionally provided them with written wage statements that Defendants knew do not comply with Labor Code

§ 226(a).

115.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated Plaintiff's and **Wage Statement Penalties Sub-Class** members' legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

116.    Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars ($50.00) for the initial pay period in which a violation of Labor Code section 226(a) occurred and one hundred dollars ($100.00) for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class member.

117.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201–203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

118.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

119.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

120.    At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

121. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

122. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours' of giving notice of resignation.

123. During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

124. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

125. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 or 202 by failing to timely pay them all final wages.

126. Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

127. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the respective dates that their final wages had first become due until paid, up to a maximum of thirty days, and interest thereon.

128. Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

///

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Class)

129.     Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

130.     Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

131.     Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

132.     California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

133.     Plaintiff, on behalf of himself and the **UCL Class** members, re-alleges and incorporates the FIRST, SECOND, and THIRD causes of action herein.

134.     Plaintiff lost money and/or property as a result of the aforementioned unfair competition.

135.     Defendants have or may have acquired money by means of unfair competition.

136.     Plaintiff is informed and believes and thereupon alleges that, by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802. Defendants thus committed misdemeanors by violating the Labor Code as alleged herein.

137.     Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to pay non-exempt employees for all hours worked, and by failing to reimburse them for all expenses.

1    138.   At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

2    employees and entitled to the full protections of both the Labor Code and the applicable Wage

3    Order.

4    139.   Defendants' unlawful conduct as alleged in this Complaint amounts to and

5    constitutes unfair competition within the meaning of Business and Professions Code section 17200

6    *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition

7    and allow a person who has suffered an injury-in-fact and has lost money or property as a result of

8    an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of himself and on

9    behalf of similarly situated persons in a class-action proceeding.

10   140.   As a result of Defendants' violations of the Labor Code during the applicable

11   limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

12   of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

13   conduct.

14   141.   Plaintiff is informed and believes that other similarly situated persons have been

15   subject to the same unlawful policies or practices of Defendants.

16   142.   Due to the unfair and unlawful business practices in violation of the Labor Code,

17   Defendants have gained a competitive advantage over other comparable companies doing business

18   in the State of California that comply with their legal obligations.

19   143.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

20   relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act

21   that violates, or is considered unlawful under, any other state or federal law.

22   144.   Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203,

23   Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining

24   Defendants, and each of them, and their agents and employees, from further violations of the Labor

25   Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an

26   order permanently enjoining Defendants, and each of them, and their respective agents and

27   employees, from further violations of the Labor Code and applicable Industrial Welfare

28   Commission Wage Orders.

145.    Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

146.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698 *et seq.*)

147.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

148.    During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198, and 2802.

149.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

150.    Plaintiff, a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

151.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3. Notice was provided to the California Labor & Workforce Development Agency ("LWDA") and 65 days have elapsed without the LWDA providing Plaintiff with any notice of an intent to investigate.

152.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802:

i.      For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 227.3, 1194, 1198

and 2802, one hundred dollars ($100) for each employee per pay period for each initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

ii.    For violations of Labor Code § 203, a penalty in an amount not exceeding thirty (30) days' pay as waiting time (penalties set by Labor Code § 256);

iii.    For violations of Labor Code § 204, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

iv.    For violations of Labor Code § 223, one hundred dollars ($100) for each employee for each initial violation that was neither willful nor intentional, two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and two hundred dollars ($200) for each employee, plus twenty-five percent (25%) of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

v.    For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, two hundred and fifty dollars ($250) for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, one thousand dollars ($1,000) for each employee for

1  each violation (penalties set by Labor Code § 226.3);

2  vi.  For violation of Labor Code §§ 510 and 512, fifty dollars ($50) for each

3  employee for each initial pay period for which the employee was underpaid,

4  and one hundred dollars ($100) for each employee for each subsequent pay

5  period for which the employee was underpaid (penalties set by Labor Code §

6  558);

7  vii.  For violations of Labor Code § 1197, one hundred dollars ($100) for each

8  aggrieved employee for each initial violation of Labor Code § 1197 that was

9  intentional and two hundred and fifty dollars ($250) for each aggrieved

10  employee per pay period for each subsequent violation of Labor Code §

11  1197, regardless of whether the initial violation was intentional (penalties set

12  by Labor Code § 1197.1);

13  viii.  Pursuant to Labor Code § 2699(g), Plaintiff seeks an award of reasonable

14  attorneys' fees and costs in connection with Plaintiff's claims for civil

15  penalties.

16  **PRAYER FOR RELIEF**

17  WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

18  public, prays for relief and judgment against Defendants as follows:

19  (1)  An order that the action be certified as a class action;

20  (2)  An order that Plaintiff be appointed class representative;

21  (3)  An order that counsel for Plaintiff be appointed class counsel;

22  (4)  Unpaid wages;

23  (5)  Actual damages;

24  (6)  Liquidated damages;

25  (7)  Restitution;

26  (8)  Declaratory relief;

27  (9)  Pre-judgment interest;

28  (10)  Statutory penalties;

26

1         (11)    Civil penalties;

2         (12)    Costs of suit;

3         (13)    Reasonable attorneys' fees; and

4         (14)    Such other relief as the Court deems just and proper.

5                         **<u>DEMAND FOR JURY TRIAL</u>**

6       Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby

7 demands a jury trial on all issues so triable.

8

9 Dated:  December 3, 2021              SETAREH LAW GROUP

10

11

12                            SHAUN SETAREH

13                            THOMAS SEGAL
                             FARRAH GRANT

14                            Attorneys for Plaintiff
                           MARVIN TOLEDO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9665 Wilshire Blvd., Suite 430 Beverly Hills, CA 90212<br><br>TELEPHONE NO.: 310-888-7771   FAX NO. *(Optional)*:  310-888-0109<br>ATTORNEY FOR *(Name)*:  Plaintiff, Marvin Toledo | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**12/03/2021**<br>**Clerk of the Court**<br>**BY: LAURA SIMMONS**<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO**
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Toledo v. Delta Air Lines, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-21-596940** |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [x] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: 12/3/2021

Thomas Segal
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CASE NUMBER: CGC-21-596940 MARVIN TOLEDO, ON BEHALF OF HIMSELF AND ALL OTH

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **MAY 04, 2022**

**TIME:**     **10:30 am**

**PLACE:**     **Department 610**
                  **400 McAllister Street**
                  **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

---

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

---

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

---

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

---

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
### Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1)   MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

---

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO** 400 McAllister Street San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____ |
|---|---|
| | **DEPARTMENT 610** |

**1)** **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process** (describe) _____

**2)** **The parties agree that the ADR Process shall be completed by (date):** _____

**3)** **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

| | |
|---|---|
| _____ Name of Party Stipulating | _____ Name of Party Stipulating |
| _____ Name of Party or Attorney Executing Stipulation | _____ Name of Party or Attorney Executing Stipulation |
| _____ Signature of Party or Attorney | _____ Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2   10/18                **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

# EXHIBIT B

1   MORGAN, LEWIS & BOCKIUS LLP
    Carrie S. Gonell, State Bar No. 257163
2   carrie.gonell@morganlewis.com
    600 Anton Boulevard, Suite 1800
3   Costa Mesa, CA  92626-7653
    Tel:    +1.714.830.0600
4   Fax:    +1.714.830.0700

5   MORGAN, LEWIS & BOCKIUS LLP
    Andrew P. Frederick, State Bar No. 284832
6   andrew.frederick@morganlewis.com
    1400 Page Mill Road
7   Palo Alto, CA 94304
    Tel:    +1.650.843.4000
8   Fax:    +1.650.843.4001

9   MORGAN, LEWIS & BOCKIUS LLP
    Nicole L. Antonopoulos, State Bar No. 306882
10  nicole.antonopolous@morganlewis.com
    One Market, Spear Street Tower
11  San Francisco, CA 94105-1596
    Tel:    +1.415.442.1000
12  Fax:    +1.415.442.1001

13  Attorneys for Defendant
    DELTA AIR LINES, INC.

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                   FOR THE COUNTY OF SAN FRANCISCO

17

18  | MARVIN TOLEDO, an individual, on behalf of himself and all other similarly situated non-exempt current and former employees, | Case No.  CGC-21-596940 |
| --- | --- |
| | **ANSWER OF DEFENDANT DELTA AIR LINES, INC. TO PLAINTIFF MARVIN TOLEDO'S CLASS AND REPRESENTATIVE ACTION COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| DELTA AIR LINES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | Complaint Filed:  December 3, 2021<br>Trial Date:       None Set |
| Defendants. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 42298829.6

DELTA'S ANSWER TO COMPLAINT
Case No. CGC-21-596940

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Delta Air Lines, Inc. ("Delta" or "Defendant"), by and through its undersigned counsel, submits the following answer and defenses to the Complaint filed by Plaintiff Marvin Toledo ("Plaintiff").

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Delta denies, generally and specifically, each and every allegation in Plaintiff's Complaint. Delta further denies that Plaintiff, or any member of the putative class he purportedly seeks to represent, has been damaged in the sums alleged, or any other sum, or at all, by reason of any act or omission to act on the part of Delta, or any of its agents, servants, employees, or representatives. Delta further denies that the named Plaintiff or any member of the putative class he purportedly seeks to represent is entitled to any type of remedy, relief, or damages of any kind, including the relief requested in his prayer for relief.

## **DEFENSES**

Delta has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses stated herein are based on Delta's knowledge, information, and belief at the present time. Delta specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Delta asserts the following defenses to the allegations set forth in the Complaint:

## **FIRST DEFENSE**

### **(Failure to State a Cause of Action)**

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Delta.

## **SECOND DEFENSE**

### **(Statute of Limitations)**

2. The causes of action of Plaintiff and the putative class and representative action members he purports to represent are barred in whole or in part by any and all applicable statutes

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DELTA'S ANSWER TO COMPLAINT
Case No. CGC-21-596940

DB2/ 42298829.6

of limitations, including, but not limited to, California Code of Civil Procedure sections 338, 340 and 343, California Business and Professions Code section 17208.

## THIRD DEFENSE

### (Preemption)

3.      Plaintiff's causes of action and/or the causes of action of some or all of the putative class and representative action members are preempted, in whole or in part, by federal law, including, but not limited to, the Airline Deregulation Act, Railway Labor Act, and Federal Aviation Act.

## FOURTH DEFENSE

### (IWC Wage Order 9 Section 3(N) Overtime Exemption)

4.      Delta is exempt under Section 3(N) of IWC Wage Order 9 from Plaintiff and/or putative class and representative members' causes of action for alleged failure to pay overtime to the extent that Plaintiff and/or putative class and representative action members worked over forty hours but not more than sixty hours in a workweek due to a temporary modification in the Plaintiff or putative class and representative action member's normal work schedule not required by Delta, but arranged at the request of Plaintiff or the putative class action member.

## FIFTH DEFENSE

### (Res Judicata/Collateral Estoppel)

5.      Plaintiff's causes of action and/or the causes of action of the putative class and representative members are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

## SIXTH DEFENSE

### (No Knowing Failure – Labor Code § 226)

6.      Delta alleges that, even assuming *arguendo* that Plaintiff and/or any putative class action member that were not provided with proper itemized statements of wages and deductions, Plaintiff and/or any putative class action member are not entitled to recover damages because Delta's alleged failure to comply with California Labor Code section 226(a) was not a "knowing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 42298829.6

2

DELTA'S ANSWER TO COMPLAINT
Case No. CGC-21-596940

and intentional failure" under California Labor Code section 226(e).

## SEVENTH DEFENSE

### (No Injury – Labor Code § 226(e))

7.      Plaintiff and/or any putative class and representative action member are not entitled to recover damages because they did not suffer an "injury" under California Labor Code section 226(e).

## EIGHTH DEFENSE

### (Due Process/Excessive Fine)

8.      Although Delta denies that it has committed or has responsibility for any act that could support the recovery of civil or statutory penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil or statutory penalties against Delta is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

## NINTH DEFENSE

### (Avoidable Consequences)

9.      Plaintiff's causes of action and/or the causes of action of some or all of the putative class and representative action members are barred, or recovery should be reduced, because (1) Delta took reasonable steps to prevent and correct the conduct alleged in the Complaint; (2) Plaintiff, and members of the purported class and representative action, unreasonably failed to use the preventive and corrective measures that Delta provided; and (3) reasonable use of Delta's procedures would have prevented at least some of the harm that Plaintiff and members of the purported class action allegedly suffered.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 42298829.6

3

DELTA'S ANSWER TO COMPLAINT
Case No. CGC-21-596940

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TENTH DEFENSE

### (Waiver/Release)

10.     Plaintiff's causes of action and/or the causes of action of some or all of the putative class and representative action members are barred, in whole or in part, because such causes of action have been waived, discharged, abandoned, and/or released.

## ELEVENTH DEFENSE

### (De Minimis)

11.     Plaintiff's causes of action and/or the cause of action of some or all of the putative class and representative action members are barred, in whole or in part, by the *de minimis* doctrine.

## TWELFTH DEFENSE

### (Release Through Prior Settlement Agreement)

12.     To the extent that Plaintiff or any putative class and representative action member has been a party to or settlement class member of any prior settlement, any such individual has released some or all of the causes of action alleged in the Complaint.

## THIRTEENTH DEFENSE

### (Failure to Exhaust Internal and Administrative Remedies)

13.     Plaintiff's claims, and the claims of other current or former employees sought to be represented, are barred, in whole or in part, to the extent he, and/or they, failed timely and adequately and fully to exhaust required administrative remedies, including all statutory pre-filing requirements of the Private Attorneys General Act, Labor Code §§ 2698, *et seq.* including Plaintiff's failure to satisfy the requirement to state all facts and theories supporting the alleged Labor Code violations in any letter to the Labor Workforce Development Agency.

## FOURTEENTH DEFENSE

### (No Entitlement to Jury Trial – Certain Claims)

14.     Plaintiff's causes of action and/or the causes of action of some or all of the putative class action members are not entitled to a trial by jury, including Plaintiff's PAGA claims for civil

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 42298829.6

4

DELTA'S ANSWER TO COMPLAINT
Case No. CGC-21-596940

penalties and claims under California Business and Professions Code sections 17200, *et seq*.

## FIFTEENTH DEFENSE

### (Conduct Reasonable and in Good Faith/Not Willful, Knowing, or Intentional)

15.     If Delta is found to have failed to pay Plaintiff and/or any purported class and representative action member any amount due, which Delta denies, Delta acted at all times on the basis of a good faith and reasonable belief that it had complied fully with applicable wage and hour laws.  Delta's conduct was not willful, knowing, or intentional within the meaning of the California Labor Code, which precludes the imposition of certain damages or penalties, including waiting time penalties under Labor Code section 203.

## SIXTEENTH DEFENSE

### (Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)

16.     Plaintiff, and each current and former employee whom Plaintiff purports to represent in the Complaint, is/are not entitled to recover any (or, alternatively, the full amount of any potential) penalties because, under the facts and circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, and/or confiscatory, under California Labor Code § 2699(e).

## SEVENTEENTH DEFENSE

### (Failure to Perform Conditions Precedent)

17.     Plaintiff and/or any purported class action member failed to perform the conditions necessary to give rise to any obligation on the part of Delta for the payment of any expenses alleged in the Complaint.

## EIGHTEENTH DEFENSE

### (Meal Period Waiver – Mutual Consent)

18.     Plaintiff's cause of action and/or the cause of action of some or all of the putative class action members for alleged failure to provide meal breaks fails to the extent that the meal break was waived by mutual consent of Delta and Plaintiff and/or any purported class or representative action member as permitted under the applicable wage order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 42298829.6

5

DELTA'S ANSWER TO COMPLAINT
Case No. CGC-21-596940

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINETEENTH DEFENSE

### (Waiver of Meal Break)

19.     As a separate defense to Plaintiff's meal break cause of action and any derivative causes of action, Delta alleges that it provided Plaintiff and the putative class or representative action members the opportunity to take full, uninterrupted 30-minute, off-duty meal breaks that commenced by the end of the fifth hour of work.  On occasion, at their election and not at the direction of Delta, Plaintiff and/or putative class or representative action members did not take this opportunity and instead worked during all or a portion of their provided meal break.  On other occasions, at their election and not at the direction of Delta, Plaintiff and/or putative class or representative action members did not take the opportunity for a meal break by the end of the fifth hour, instead taking a 30-minute off-duty break later in the day.

## RESERVATION OF RIGHTS

Delta hereby gives notice that it intends to rely upon any other additional defense(s) that is now or may become available, or appear during, or because of discovery proceedings in this action, and hereby reserves its right to amend its Answer to assert such defense(s).

## PRAYER FOR RELIEF

WHEREFORE, Delta requests that the Court grant the following relief:

1.     That Plaintiff take nothing against Delta by reason of the Complaint, and that the Complaint be dismissed with prejudice;

2.     That judgment be entered in favor of Delta and against Plaintiff on all causes of action;

3.     That Delta be awarded its attorneys' fees to the extent permitted by applicable law;

4.     That Delta be awarded its costs of suit incurred herein; and

5.     That the Court award Delta such other and further relief as it deems just and proper.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 42298829.6

6

DELTA'S ANSWER TO COMPLAINT
Case No. CGC-21-596940

1

2   Dated:  January 4, 2022                                MORGAN, LEWIS & BOCKIUS LLP

3                                                          By _____

4                                                             Carrie S. Gonell
                                                              Andrew P. Frederick
5                                                             Nicole L. Antonopoulos

6                                                          Attorneys for Defendant
                                                           DELTA AIR LINES, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 42298829.6

7

DELTA'S ANSWER TO COMPLAINT
Case No. CGC-21-596940

**PROOF OF SERVICE**

1

2          I, Robin Onaka, declare:

3          I am a citizen of the United States and employed in San Francisco County, California.  I
am over the age of eighteen years and not a party to the within entitled action.  My business
4   address is One Market, Spear Street Tower, San Francisco, CA  94105-1596.  On January 4,
2022, I served a copy of the within document(s):

5

6          **ANSWER OF DEFENDANT DELTA AIR LINES, INC. TO**
**PLAINTIFF MARVIN TOLEDO'S CLASS AND**
**REPRESENTATIVE ACTION COMPLAINT**

7

8          ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

9

10         ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, the United States mail at San Francisco, California addressed as set
11              forth below.

12         ☐   by placing the document(s) listed above in a sealed envelope and affixing a pre-
paid air bill, and causing the envelope to be delivered to an agent for delivery.

13

14         ☐   by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

15

16         ☐   by transmitting via e-mail or electronic transmission the document(s) listed above
to the person(s) at the e-mail address(es) set forth below.

17

18   Shaun Setareh                              *Attorneys for Plaintiff Marvin Toledo, on*
Thomas Segal                               *behalf of himself and all others similarly*
19   Farrah Grant                               *situated, and the general public*
Setareh Law Group
20   9665 Wilshire Boulevard, Suite 430
Beverly Hill, CA  90212
21   Phone: (310) 888-7771
Fax:     (310) 888-0109
22   Email:  shaun@setarehlaw.com
                thomas@setarehlaw.com
23               farrah@setarehlaw.com

24

25

26

27

28

1        I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

        Executed on January 4, 2022, at San Francisco, California.

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Robin K. Onaka_

_____
Robin Onaka

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 42345860.1



**Pay My Invoice** | **Preferences** | **Sign Out**

Onaka, Robin | Morgan Lewis & Bockius LLP-San Francisco

| HOME | FILING & SERVICE | ALERTS | SEARCH |

1/4/22 4:53 PM PST

Your transaction has been successfully submitted to File & ServeXpress. Your transaction information appears below. To print this information for your records, click anywhere on the transaction information, then click the browser Print button.

For a formatted copy of this information, obtain a transaction report.

To perform another transaction, click **Begin a New Transaction.**

To exit Filing & Service, click **Return to My File & ServeXpress.**

> **_TIP:_** Receive notifications of new Filing & Service activity that match your search criteria. Click on the Alerts tab.

### File & ServeXpress Transaction Receipt

| | |
|---|---|
| **File & ServeXpress Transaction ID:** | 67209834 |
| **Submitted by:** | Robin Onaka, Morgan Lewis & Bockius LLP-San Francisco |
| **Authorized by:** | Nicole L Antonopoulos, Morgan Lewis & Bockius LLP-San Francisco |
| **Authorize and file on:** | Jan 4 2022 4:52PM PST |
| **Time received by San Francisco County:** | Pending |