UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN TOLEDO,<br><br>   Plaintiff,<br><br>  v.<br><br>DELTA AIR LINES, INC.,<br><br>   Defendant. | Case No. 22-cv-00081-AMO<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT, SUBJECT TO RESUBMISSION**<br><br>Re: Dkt. No. 57 |

This is a proposed wage and hour class and representative action in which Plaintiff Marvin Toledo seeks preliminary approval of a settlement under both Rule 23 class action and the California Private Attorneys General Act ("PAGA"). ECF 57 ("Mot."). The motion for preliminary approval is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 8, 2025, is VACATED. *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). The Court assumes familiarity with the facts and procedural history of this case for purposes of this Order. Having read Plaintiff's papers and carefully considered the arguments and the relevant legal authority, the Court hereby **DENIES** the motion as it is insufficient for the following reasons.

I. **DISCUSSION**

The Court highlights below several of the most glaring shortcomings in Toledo's motion for preliminary approval and the parties' proposed settlement.

 A. **Amended Class Definition**

On November 22, 2024, Plaintiff filed his motion for preliminary approval of the class action and PAGA settlement. *See generally* Mot.; *see also* Setareh Decl., Ex. 1 ("Agreement," ECF 57-1). On November 25, 2024, Toledo filed a first amended complaint, ECF 59, which

1   added certain factual allegations and claims comporting with the scope of the Settlement

2   Agreement. Mot. at 10. The Settlement Agreement defines the Settlement Period as December 3,

3   2017, through the date of Preliminary Approval. Agreement § 2.6. Further, it defines the

4   Settlement Class as:

> All persons employed by Delta in non-exempt positions in California at any time during the Class Period, but excluding flight attendants, pilots, and those persons who participated in Delta's Enhanced Retirement or Voluntary Opt-Out Programs in 2020 and who did not thereafter work for Delta in a non-exempt position in California during the Class Period.

Agreement § 2.3. Defendant Delta Airlines, Inc. ("Delta") estimates that there are 5,000 Class Members. Setareh Decl. ¶ 44. In any renewed motion, the parties must explain the basis for this estimate, including an explanation of how potential class members have been or will be identified.

Plaintiff acknowledges that the Settlement Class is narrower than the original class formulation in a few ways. Mot. at 24-25. For example, the Settlement Class excludes individuals employed by staffing agencies or third parties because Toledo himself was not hired through a staffing agency, and Toledo agreed to limit the scope of the settlement to direct hires. Mot. at 25 (citing Setareh Decl. ¶ 22). Yet Plaintiff fails to provide meaningful justification for the reduction in the class size. Plaintiff shall provide more fulsome explanation why the difference in the class scope is appropriate in any renewed motion.

### B. Fees & Costs

The proposed Settlement Agreement provides for a Maximum Settlement Amount ("MSA") of $12,000,000. Agreement § 2.28. The Settlement Agreement goes on to award Class Counsel fees of $3,999,960 (33 1/3% of the MSA) and costs of up to $70,000. Agreement § 5.4.1. Toledo fails to provide meaningful explanation in support of such a large attorney fee award. Toledo cites *Chavez v. Netflix* for the proposition that "empirical studies show that California fee awards generally average around one-third of recovery." Mot. 22 (citing *Chavez v. Netflix*, 162 Cal. App. 4th 43, 66 n.1 (2008)). But the *Chavez* footnote internally cites a 25-year-old Eastern District of Texas case, *Shaw v. Toshiba America Information Systems, Inc.*, and it is unclear that the "empirical studies" referred to in *Shaw* were specific to California fee awards. *See* 91 F. Supp.

2

1  2d 942, 972 (E.D. Tex. 2000). In any renewed motion, Toledo shall provide comparator cases in
2  which counsel was awarded one third of the settlement amount, including at least one comparator
3  California case in which attorney fees were awarded at a comparable rate.

4  Further, the Settlement Agreement states that "Defendant will not oppose an application by
5  Class Counsel in accordance with the terms of this Settlement." Agreement § 5.4.1. This
6  provision resembles a "clear sailing arrangement" in which a defendant agrees not to challenge a
7  request for agreed-upon attorneys' fees. *See In Re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d
8  935, 946 (9th. Cir. 2011). The Court is disinclined to approve a settlement that includes such a
9  potentially collusive arrangement. In any renewed motion, Toledo must address this provision
10 requiring Defendant's non-opposition and explain how it does not signal collusion between
11 Plaintiff's counsel and Defendant.

12 **C.   PAGA Settlement**

13 The proposed Settlement Agreement carves out $600,000, 5% of the total fund, for the
14 PAGA portion of the settlement, with 75% going to the California Labor and Workforce
15 Development Agency ("LWDA") and 25% going to the PAGA Group Members. Agreement
16 § 2.34. Courts in this District regularly deny approval of PAGA settlements that represent a small
17 proportion of the total settlement fund. *See*, *e.g.*, *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d
18 1110, 1135 (N.D. Cal. 2016) ("Given the sweeping consequences of the proposed PAGA waiver,
19 viewed in the context of a relatively modest settlement of the non-PAGA claims, the Settlement
20 Agreement is not as a whole is fair, adequate and reasonable."). In any renewed motion, Toledo
21 shall explain why the 5% carveout for PAGA claims should be approved as "fair, adequate, and
22 reasonable." *See id.* at 1135. Toledo must provide at least one comparator case where courts have
23 granted a relatively low PAGA settlement in relation to a Rule 23 class action settlement. Further,
24 any renewed motion should more thoroughly explain the rationale for decreasing the PAGA
25 settlement by 98.36% as compared to the full verdict value. *See O'Connor*, 201 F. Supp. 3d at
26 1135 (admonishing plaintiffs for failing to consider the risks and value of the PAGA claim and for
27 treating the PAGA claim as a "bargaining chip" in obtaining a global settlement). Finally, Toledo
28 shall notify the Court whether the LWDA has responded to its proposed settlement, including by

promptly lodging the LWDA's response with the Court.

### D. Service Award

Toledo proposes a service payment award of $10,000, Agreement § 5.3.1; Setareh Decl. ¶ 31, yet fails to cite any case in which a similarly large service award was granted. Moreover, Toledo fails to provide sufficient description of the work undertaken that warrants such a significant service award. Toledo must provide more support for such an award in any renewed motion.

### E. Release

The Settlement Agreement provides for broad release of "any and all claims . . . that have been asserted or reasonably could have been asserted in the Complaint . . . based on the facts and/or allegations pled therein, arising during the Class Period. . . ." Agreement § 2.41. Similarly, the Settlement Agreement provides for broad release of "all claims for civil penalties under PAGA that have been asserted or that reasonably could have been asserted . . . based on the facts and/or allegations pled therein, arising during the PAGA Period. . . ." Agreement § 2.42. Where parties propose to release all claims related to certain violations, including claims that counsel may not have fully investigated or reviewed, and including in other pending cases, "exacting" review is warranted. *See O'Connor*, 201 F. Supp. 3d at 1121. Further, where releases are broader than the complaint, "the reviewing court must examine, *inter alia*, the verdict value of all claims released, not just those alleged in the complaint . . . in assessing the reasonableness of the suit." *Id.* at 1121 n.8. Toledo's application in this case fails to provide analysis on this subject. Toledo shall explain why the broad releases in the Settlement Agreement are appropriate and estimate the verdict value of all claims released in any renewed motion.

### F. Effect on Related Cases

The District's Procedural Guidance requires parties to state

> Any other cases that will be affected by the settlement, an explanation of what claims will be released in those cases if the settlement is approved, the class definitions in those cases, their procedural posture, whether plaintiffs' counsel in those cases participated in the settlement negotiations, a brief history of plaintiffs' counsel's discussions with counsel for plaintiffs in those other cases before and during the settlement negotiations, an

4

        explanation of the level of coordination between the two groups of plaintiffs' counsel, and an explanation of the significance of those factors on settlement approval.

Procedural Guidance for Class Action Settlements § 1(d) (https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements (last visited May 2, 2025). Here, Toledo identifies three other cases affected by the settlement agreement:

- *Wilfred McCauley v. Delta Air Lines, Inc.*, Case No. 2:23-cv-07079-DSFAS (C.D. Cal.). *See* Notice of Pendency of Other Action (ECF 40). Toledo asserts that this case is stayed because the instant action fully encompasses the claims and putative class alleged in the McCauley action. Mot. at 25-26.
- *Mitchel Garnett v. Delta Air Lines, Inc.*, Case No. 24STCV01693 (Los Angeles Superior Court). *See* Notice of Pendency of Other Action (ECF 43). Toledo states this case was dismissed on August 13, 2024. Mot at 25.
- *Rajdeep Sandhu v. Delta Air Lines, Inc.*, Case No. 24-CIV-05670 (San Mateo Superior Court). Toledo states this case was filed on September 11, 2024, and that it is "encompassed by Plaintiff Toledo's claims and settlement." Mot. at 26.

Toledo fails to provide sufficient explanation regarding compliance with the Procedural Guidance, including if or how the counsel in the related cases participated in the settlement reached here or how the proposed settlement in this case will impact the relief sought in those other cases. Toledo must address these issues in any renewed motion. Further, Toledo must address whether a Notice of Pendency of Other Action should be filed in relation to *Radjeep Sandhu v. Delta Air Lines, Inc*., as well as comply with the Procedural Guidance as to *Gurzenski v. Delta Air Lines, Inc*., Case No. 21STCV19287 (Los Angeles Superior Court). *See* Notice of Pendency of Other Action (ECF 15).

## II. CONCLUSION

For the foregoing reasons, the Court DENIES Toledo's motion for preliminary approval of the class and PAGA settlement. If Toledo can remedy the deficiencies outlined above, he may file a renewed motion within 30 days of this order. In addition to addressing the issues set forth above, the renewed motion should comply with all aspects of the District's Procedural Guidance

5

for Class Action Settlements.

Should Plaintiff elect to not file a renewed approval motion within 30 days, the parties must file a joint status report within 45 days, with a proposal for how this litigation should proceed.

**IT IS SO ORDERED.**

Dated: May 2, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**