UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN TOLEDO,<br><br>        Plaintiff,<br><br>    v.<br><br>DELTA AIR LINES, INC.,<br><br>        Defendant. | Case No. 22-cv-00081-AMO<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 64 |

In this putative class and PAGA representative action, Plaintiff Marvin Toledo alleges Defendant Delta Air Lines, Inc. ("Delta") failed to pay certain of its California employees for all hours worked and failed to provide meal periods and rest breaks as required under California law. Before the Court is Toledo's renewed motion for preliminary approval of class action and PAGA settlement. ECF 64. This Order assumes familiarity with the facts and procedural history of the case. Having carefully reviewed the motion and the relevant legal authority, the Court has determined the motion is appropriate for determination on the papers, and hereby **VACATES** the hearing set for August 28, 2025. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-6. The Court **GRANTS** Toledo's motion for the following reasons subject to the modifications discussed herein.

    1.     The Court grants preliminary approval of the settlement based upon the terms set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Declaration of Shaun Setareh and is incorporated in full by this reference and made a part of this Order. The Settlement appears to be fair, adequate, and reasonable to the Class.

    2.     All capitalized terms defined in the Settlement Agreement shall have the same meaning when used in this Order.

3.       The Settlement falls within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, and appears to be presumptively valid, subject to any objections that may be raised at the Final Approval Hearing. The Court notes that Defendant Delta Air Lines, Inc. ("Delta" or "Defendant") has agreed to create a common fund of $12,000,000.00 to cover (a) the Individual Settlement Shares; (b) the $450,000.00 payment to the State of California, Labor & Workforce Development Agency for its share of the settlement of the Released Private Attorneys General Act ("PAGA") Claims; (c) the $150,000.00 payment to the PAGA Members; (d) a Class Representative Service Payment of up to $10,000.00 for Class Representative Marvin Toledo; (e) Class Counsel's attorneys' fees, not to exceed 33-1/3% of the Maximum Settlement Amount, and actual litigation expenses incurred by Class Counsel up to $70,000.00; (f) Settlement Administration Costs estimated to be $29,000.00; and (g) all taxes except for Defendant's share of payroll taxes on Individual Settlement Shares.

4.       The Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties and a mediation conducted after Class Counsel had adequately investigated Plaintiff's claims and become familiar with their strengths and weaknesses. The assistance of an experienced mediator in the settlement process further confirms that the Settlement is non-collusive. The Court further finds that the settlement of Plaintiff's representative claims under the PAGA is fair and reasonable and is approved.

5.       In accordance with the Settlement Agreement, the Court hereby certifies the following class for purposes of settlement:

> All persons employed by Delta in non-exempt positions in California at any time during the Class Period, but excluding flight attendants, pilots, and those persons who participated in Delta's Enhanced Retirement or Voluntary Opt-Out Programs in 2020 and who did not thereafter work for Delta in a non-exempt position in California during the Class Period.

The Court hereby finds and concludes that the Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3), except manageability. Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

6. With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings:

    a. The Class, which has approximately 5,000 members, satisfies the standard for numerosity in Fed. R. Civ. P. 23(a)(1).

    b. There are many questions of fact and law that are common to the Class regarding the policies and practices that applied to Class Members' employment with Defendant, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2).

    c. Plaintiff Marvin Toledo's claims meet the typicality requirement because he was a non-exempt employee of Defendant and his claims arise from the same alleged events and course of conduct as those alleged on behalf of the Class, thereby satisfying Fed. R. Civ. P. 23(a)(3).

    d. The Court finds that Setareh Law Group will fairly and adequately represent the Class and appoints this firm as Class Counsel for purposes of this settlement.

    e. The Court finds that Plaintiff Marvin Toledo will fairly and adequately represent the Class, and appointments him as Class Representative.

    f. The Court finds that for purposes of settlement only, common questions of law and fact predominate over individualized issues because the claims arise from Defendant's policies and widespread practices, and further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis.

7. The Court approves Phoenix Settlement Administrators ("Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Settlement Agreement.

8. The Court finds that the Notice, which is attached as Exhibit 1 to the Settlement Agreement, comports with Fed. R. Civ. P. 23 and all Constitutional requirements including those of due process, and it accordingly approves the text of the Notice with a modification. Namely, the Notice shall be amended to allow Class Members to appear virtually at the hearing. The Notice shall provide, within the section titled "Participate in the Final Approval Hearing," on

1  page 6, "Any class member seeking to speak at the final approval hearing, whether in-person or
2  virtually, shall file a Notice of Intent to Appear by February 6, 2026, in accordance with the
3  Notice."  With the addition of such allowance for virtual appearances by Class Members, the
4  Court finds that the Notice adequately advises the Class about the class action, the terms of the
5  proposed settlement, the benefits available to each Class Member, and the proposed fees and costs
6  to Class Counsel, each Class Member's right to object or opt out of the settlement, and the timing
7  and procedures for doing so, preliminary Court approval of the proposed settlement, and the date
8  of the Final Approval hearing as well as the rights of Class Members to file documentation in
9  support of or in opposition to and appear in connection with said hearing.  The Court further finds
10 that the mailing of the Notice to each Class Member's last known address, with appropriate skip
11 tracing and mail forwarding for Notices returned as undeliverable, as specifically described in the
12 Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect
13 to the class action and proposed settlement.

14       9.      Within thirty (30) days of the issuance of this Order, Defendant shall provide the
15 Settlement Administrator with the Class Member Database, as specified in the Settlement
16 Agreement.

17       10.     Within 14 days after receipt of the Database, the Settlement Administrator shall
18 mail the Notice in the manner specified in the Settlement Agreement.  Plaintiff shall file on the
19 docket a notice informing the Court that the Settlement Administrator has mailed the Notice to
20 Class Members.

21       11.     The Court orders that any Request for Exclusion from the non-PAGA portion of the
22 Settlement must be postmarked no later than 45 days after the Notice is initially mailed to Class
23 Members and must be received by the Settlement Administrator.  To be valid, the Request for
24 Exclusion must be timely and include: (a) the Class Member's name; (b) a statement that the Class
25 Member desires to exclude himself or herself from the case; and (c) the last four digits of the Class
26 Member's social security number.  Class Members are still bound by the release of PAGA claims
27 even if they submit a valid Request for Exclusion and will receive a check with his or her
28 individual payment from the PAGA Allocation if they are a PAGA Member.

4

12. If more than five percent (5%) of the total number of Class Members submit timely and valid Requests for Exclusion, then Defendant shall have the option to void the Settlement in its sole discretion. To exercise this option, Defendant must send written notification to Class Counsel within fourteen (14) days of receiving a report from the Settlement Administrator informing Defendant that the total number of timely and valid Requests for Exclusion is more than five percent (5%).

13. Only Class Members who do not opt out may object to the non-PAGA portion of the Settlement. Class Members who opt out of the Settlement are not eligible to object. All objections must be sent no later than forty-five (45) days after the mailing of the Notice, and such deadline applies notwithstanding any argument regarding non-receipt of the Notice. Failure to send timely written objections in this manner will not foreclose a Class Member's right to have their objection heard at the Final Approval Hearing. A Class Member who fails to send a timely written objection, or appear at the Final Approval Hearing to have their objection heard, shall be deemed to have waived any objections and shall be foreclosed from filing any appeal from any Final Approval Order issued by the Court. The Parties may file a response to any objections submitted by objecting Class Members at or prior to the Final Approval Hearing. Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Settlement Administrator not later than one (1) business day prior to the Final Approval Hearing.

14. Plaintiff's motion for attorney's fees, costs, and class representative service award shall be filed no later than **January 9, 2026**.

15. The Final Approval Hearing shall be held before this Court on **February 26, 2026, at 2:00 p.m.** in San Francisco, 19th Floor, Courtroom 10, to consider the fairness, adequacy, and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and a Class Representative service payment.

16. Any party to this case, including any Class Member, may be heard in person, via Zoom webinar, or by counsel, to the extent allowed by the Court, in support of, or in opposition to,

5

the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed settlement, the requested attorneys' fees and costs, the requested Class Representative service payment, and any order of final approval and Judgment regarding such settlement, fees, costs, and payments; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice.

17. The Court orders that if for any reason the Court does not execute and file an order of final approval and judgment, or if such a final approval order is reversed, the Settlement Agreement and the proposed settlement which is the subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

18. The Court orders that the Settlement Agreement shall not be construed as an admission or evidence of liability.

19. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

20. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members.

**IT IS SO ORDERED.**

Dated: August 27, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**