UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARVIN TOLEDO,

        Plaintiff,

    v.

DELTA AIR LINES, INC.,

        Defendant.

Case No.  22-cv-00081-AMO

**ORDER GRANTING FINAL APPROVAL OF CLASS AND PAGA SETTLEMENT**

Re: Dkt. No. 78

On February 26, 2026, a hearing was held on Plaintiff Marvin Toledo's motion for final approval of class action and Private Attorneys General Act ("PAGA") settlement.  The motion for final approval followed the Court's grant of preliminary approval of the settlement on August 27, 2025.  *See* Dkt. No. 74.  In accordance with the preliminary approval order, class members have been given notice of the terms of the settlement and the opportunity to object to it or to exclude themselves from its provisions.  Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court at the final approval hearing on February 26, 2026, the Court GRANTS final approval of the settlement and DETERMINES as follows:

    1.    The Court confirms certification, for settlement purposes only, the settlement class as follows:

> all persons employed by Delta in non-exempt positions in California at any time during the Class Period, but excluding flight attendants, pilots, and those persons who participated in Delta's Enhanced Retirement or Voluntary Opt-Out Programs in 2020 and who did not thereafter work for Delta in a non-exempt position in California during the Class Period.

United States District Court
Northern District of California

Agreement ¶ 2.3. The Class Period is December 3, 2017, through November 8, 2024. Agreement ¶¶ 2.6, 5.2.2.

2.     Pursuant to the preliminary approval order, a class notice was sent to each class member by first-class U.S. mail. These papers informed class members of the terms of the settlement, their right to receive a settlement share, their right to object to the settlement or to elect not to participate in the settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the settlement. Adequate periods of time were provided by each of these procedures. No class members filed written objections to the proposed settlement during this notice period. The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of class members. The Court finds and determines that the notice provided in this case was the best notice practicable and satisfied the requirements of law and due process.

3.     Two individuals, Karen Aikey and Paula Jacobson, shall be excluded from the settlement class because they timely submitted opt-out requests.

4.     For the reasons stated in the preliminary approval order, the Court finds and determines that the proposed class, as defined in the definitions section of the settlement and conditionally certified by the preliminary approval order, meets all of the legal requirements for class certification, and it is hereby ordered that the class is finally approved and certified as a class for purposes of the settlement.

5.     The Court further finds and determines that the terms of the settlement are fair, reasonable, and adequate to the class and to each class member and that the class members who did not submit elections not to participate in the settlement will be bound by the settlement in accordance with the settlement and the preliminary approval order, that the settlement is ordered finally approved, and that all terms and provisions of the settlement should be and hereby are ordered to be consummated. All participating class members, including plaintiff Marvin Toledo, are bound by this order and judgment and by the terms of the settlement, including the releases

provided for in the agreement. As of the settlement date, by operation of this order and judgment, each participating class member, including Toledo, shall be deemed to have fully released, waived, relinquished, and discharged, to the fullest extent permitted by law, all released claims that they may have against the released parties.

6.    The Court finds and determines that the settlement shares to be paid to the settlement class members and PAGA members, as provided for by the settlement, are fair and reasonable. The Court hereby GRANTS final approval to and ORDERS the payment of those amounts be made to the settlement class members and PAGA members out of the maximum settlement amount in accordance with the settlement.

7.    The Court finds and determines the $600,000 allocated for PAGA penalties to be fair and reasonable and approves the Settlement pursuant to California Labor Code Section 2699(l). The Court orders payment of PAGA penalties in the amount of $450,000 to the California Labor and Workforce Development Agency ("LWDA") representing the LWDA's 75% share of the $600,000 allocated to PAGA penalties and payment of the remaining 25% to PAGA Members as provided for in the Settlement.

8.    PAGA Members are bound by the PAGA Release whether or not they request exclusion from the Settlement.

9.    Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the settlement.

10.    Nothing in this order will preclude any action to enforce the parties' obligations under the settlement or under this order, including the requirement that defendant make payments to the class members in accordance with the settlement.

11.    If a Class Member has not cashed his or her check(s) within 180 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the administrator to the cy pres non-profit the University of California Berkeley's Institute for Research on Labor and Employment.

12.    Upon completion of administration of the settlement, the settlement administrator will provide written certification of such completion to the Court and counsel for the Parties.

13.    Within 21 days after all funds have been paid to class members, cy pres beneficiaries, and others pursuant to the settlement agreement, the parties shall file a post-distribution accounting as specified in the Northern District of California's Procedural Guidance for Class Action Settlements.

14.    The Parties are hereby ORDERED to comply with the terms of the settlement.

15.    The Court hereby enters final judgment in accordance with the terms of the settlement, the preliminary approval order filed on August 27, 2025, and this order.

16.    This document will constitute a final judgment for purposes of Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

Dated: March 3, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California

4